Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Karena K. Ioannou
kioannou@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:      (212) 292-5391
*Attorneys for Plaintiffs*
*Moonbug Entertainment Limited and*
*El Bebe Productions Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and EL BEBE PRODUCTIONS LIMITED, <br><br> *Plaintiffs* <br><br> v. <br><br> ALL NIGHT REVELRY STORE, BABY TOO STORE, BACKDROPINNITREE STORE, BEAUTIFUL RAVE PARTY STORE, BIRTHDAY CANDYS STORE, BRILLIANT CHEERFUL LIFE STORE, BRILLIANT PARTY STORE, COLA STORE, COZY PARTY STORE, FANTASY PARTY STORE, INNITREE STORE, JUNGLET PARTY STORE, MI 3 STORE, NANTONG OPERA IMP.& EXP. CO., LTD., NITREEBACKDROP STORE, OBACKDROP STORE, PARTYGUYS STORE, PHOTURT BACKDROPS STORE, SENSFUN BACKDROP STORE, SHENZHEN LEVIN PLUSH TOYS CO., LTD., SHOP3407008 STORE, SUPERY | 21-cv-10315 (LGS) <br><br> **PRELIMINARY INJUNCTION ORDER** |

PARTY STORE, SUTAIBAI PARTY BACKGROUND STORE, TOBACKDROP STORE, YANGZHOU BOTHWIN TOYS CO., LTD., and YIBENLUN BIRTHDAY PARTY STORE,

*Defendants*

## GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiffs** | Moonbug Entertainment Limited ("Moonbug") and El Bebe Productions Limited ("El Bebe") |
| **Defendants** | All Night Revelry Store, Baby Too Store, BackdropInNitree Store, Beautiful Rave Party Store, Birthday candys Store, Brilliant Cheerful Life Store, Brilliant Party Store, Cola Store, Cozy Party Store, Fantasy Party Store, INNITREE Store, Junglet party Store, Mi 3 Store, Nantong Opera Imp.& Exp. Co., Ltd., NitreeBackdrop Store, obackdrop Store, PARTYGUYS Store, PHOTURT Backdrops Store, sensfun backdrop Store, Shenzhen Levin Plush Toys Co., Ltd., Shop3407008 Store, Supery Party Store, SUTAIBAI party background Store, Tobackdrop Store, Yangzhou Bothwin Toys Co., Ltd., and YiBenLun Birthday Party Store |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiffs |

| **New York Address** | 224 Madison Ave, Suite 411, New York, NY 10016 |
|---|---|
| **Complaint** | Plaintiffs' Complaint |
| **Application** | Plaintiffs' e*x parte* application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Ahton Dec.** | Declaration of Karine Ahton in Support of Plaintiffs' Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiffs' Application |
| **Little Baby Bum Content** | A popular streaming media show and YouTube channel featuring 3D animation videos of both traditional nursery rhymes and original children's songs |
| **Little Baby Bum Applications** | U.S. Trademark Serial Application Nos.: 87/026,879 for "LITTLE BABY BUM" for goods in Classes 5, 10, 21, 29, 30; and 32; 86/931,065 for " [logo] " for goods in Classes 9, 16, 28, and 41; 86/957,158 for "LITTLE BABY BUM" for goods in Class 24; and 86/931,026 for " [logo] " for goods in Class 25 |
| **Little Baby Bum Registrations** | U.S. Trademark Registration Nos. 5,099,550 for "LITTLE BABY BUM" for goods in Class 28; 5,456,149 for "LITTLE BABY BUM" for goods in Class 25; and 5,258,552 for "LITTLE BABY BUM" for goods in Class 9 |
| **Little Baby Bum Marks** | The marks covered by the Little Baby Bum Registrations and Little Baby Bum Applications |

3

| Little Baby Bum Products | A variety of consumer products including toys, apparel, backpacks and other gear |
|---|---|
| Little Baby Bum Products | Products bearing or used in connection with the Little Baby Bum Marks, and/or products in packaging and/or containing labels and/or hang tags bearing the Little Baby Bum Marks, and/or bearing or used in connection with marks and/or artwork that are confusingly similar to the Little Baby Bum Marks and/or products that are identical or confusingly similar to the Little Baby Bum Products |
| Infringing Listings | Defendants' listings for Counterfeit Products |
| User Accounts | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| Merchant Storefronts | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| Defendants' Assets | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| Defendants' Financial Accounts | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said accounts are located in the U.S. or abroad) |
| Financial Institutions | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), |

|  | PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
|---|---|
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHEREAS, Plaintiffs having moved *ex parte* on December 3, 2021 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiffs' Application on December 6, 2021 ("TRO") which ordered Defendants to appear on December 22, 2021 at 10:30 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on December 16, 2021, Plaintiffs filed a letter requesting to modify and extend the TRO;

WHEREAS, on December 20, 2021, the Court issued an Order granting Plaintiffs' request, adjourning the Show Cause Hearing to January 5, 2022 at 10:30 a.m. and extending the TRO ("December 20, 2021 Order");

WHEREAS, on January 3, 2022, pursuant to the alternative methods of service authorized by the TRO, Plaintiffs served the Summons, Complaint, TRO, all papers filed in support of the Application and the December 20, 2021 Order on each and every Defendant, except Defendant NitreeBackdrop Store;

WHEREAS, on January 5, 2022 at 10:30 a.m., Plaintiffs appeared at the Show Cause Hearing, however, none of the Defendants appeared.

### **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, as to all Defendants except Defendant NitreeBackdrop Store, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, all Defendants except Defendant NitreeBackdrop Store are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Little Baby Bum Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Little Baby Bum Marks;

    ii. directly or indirectly infringing in any manner Plaintiffs' Little Baby Bum Marks;

    iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs'

       Little Baby Bum Marks, to identify any goods or services not authorized by Plaintiffs;

iv. using Plaintiffs' Little Baby Bum Marks or any other marks that are confusingly similar to the Little Baby Bum Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiffs;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

    vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

    viii. knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(i) through I(A)(vii) above and I(B)(i) through I(B)(ii) and I(C)(i) through I(C)(ii) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' (except Defendant NitreeBackdrop Store's) Assets from or to Defendants' (except Defendant NitreeBackdrop Store's) Financial Accounts until further ordered by this Court;

    ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' (except Defendant NitreeBackdrop Store's) Assets and Financial Accounts; and

      iii. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs I(A)(i) through I(A)(vii) and I(B)(i) through I(B)(ii) above and I(C)(i) through I(C)(ii) below.

   c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. providing services to Defendants (except Defendant NitreeBackdrop Store), Defendants' (except Defendant NitreeBackdrop Store's) User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defendants' (except Defendant NitreeBackdrop Store's) User Accounts and Merchant Storefronts;

      ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' (except Defendant NitreeBackdrop Store's) User Accounts, Merchant Storefronts, Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

      iii. knowingly instructing any person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(i) through I(A)(vii) and I(B)(i) through I(B)(ii) above and I(C)(1) through I(C)(ii) below.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this action, including that:

    a) within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' (except Defendant NitreeBackdrop Store's) Financial Accounts, shall provide written confirmation of such attachment to Plaintiffs' counsel and provide Plaintiffs' counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants (except Defendant NitreeBackdrop Store) and Defendants' (except Defendant NitreeBackdrop Store's) User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' (except Defendant NitreeBackdrop Store's) Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this action, including that:

    a) Plaintiffs may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

    b) Plaintiffs may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

    c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiffs' counsel with all documents

and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' (except Defendant NitreeBackdrop Store's) Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

i. account numbers;

ii. current account balances;

iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' (except Defendant NitreeBackdrop Store's) Financial Accounts;

v. any and all deposits and withdrawal during the previous year from each and every of Defendants'(except Defendant NitreeBackdrop Store's) Financial Accounts;

vi. any and all wire transfers into each and every of Defendants' (except Defendant NitreeBackdrop Store's) Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

vii. any and all User Accounts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants (except Defendant NitreeBackdrop Store) have ever had and/or currently maintain;

    viii.    the identities, location and contact information, including any and all e-mail addresses, of Defendants that were not previously provided pursuant to Paragraph V(C); and

    ix.    the nature of Defendants' (except Defendant NitreeBackdrop Store's) methods of payment, methods for accepting payment and a full accounting of Defendants' sales history and listing history under Defendants' User Accounts and Defendants' Merchant Storefronts.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiffs' counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' (except Defendant NitreeBackdrop Store's) User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

    i.    any and all User Accounts and Defendants' (except Defendant NitreeBackdrop Store's) Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

    ii.    the identities, location and contact information, including any and all e-mail addresses of Defendants; and

    iii.    the nature of Defendants' (except Defendant NitreeBackdrop Store's) methods of payment, methods for accepting payment and any and a full accounting of Defendants' sales history and listing history under Defendants' User Accounts and Defendants' Merchant Storefronts.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

a) delivery of: (i) a PDF copy of this Order and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order to Defendants' e-mail addresses as identified by Alibaba and/or AliExpress pursuant to Paragraph V(C) of the TRO; and

b) delivery of a message to Defendants through the same means that Plaintiffs' agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms, and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download a PDF copy of this Order.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail

      to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

  b)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

  c)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Ms. Rachel Wang, Legal Counsel, Alibaba Group at rachel.wy@alibaba-inc.com and Ms. Yujuan He, Paralegal, Alibaba Group at chloe.he@alibaba-inc.com;

  d)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

  e)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department at legal@pingpongx.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $15,000.00 bond posted by Plaintiffs shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiffs or on shorter notice as set by the Court.

11. By January 12, 2022, Plaintiff may renew its application for a preliminary injunction as to Defendant NitreeBackdrop Store by filing proof of service of a copy of this Order as well as the TRO.

SO ORDERED.

Dated: January 6, 2022
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**