Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Karena K. Ioannou
kioannou@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiffs*
*Moonbug Entertainment Limited and*
*El Bebe Productions Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOONBUG ENTERTAINMENT LIMITED and EL BEBE PRODUCTIONS LIMITED,

*Plaintiffs*

v.

ALL NIGHT REVELRY STORE, BABY TOO STORE, BACKDROPINNITREE STORE, BEAUTIFUL RAVE PARTY STORE, BIRTHDAY CANDYS STORE, BRILLIANT CHEERFUL LIFE STORE, BRILLIANT PARTY STORE, COLA STORE, COZY PARTY STORE, FANTASY PARTY STORE, INNITREE STORE, JUNGLET PARTY STORE, MI 3 STORE, NANTONG OPERA IMP.& EXP. CO., LTD., NITREEBACKDROP STORE, OBACKDROP STORE, PARTYGUYS STORE, PHOTURT BACKDROPS STORE, SENSFUN BACKDROP STORE, SHENZHEN LEVIN PLUSH TOYS CO., LTD., SHOP3407008 STORE, SUPERY PARTY STORE, SUTAIBAI PARTY BACKGROUND STORE, TOBACKDROP STORE, YANGZHOU BOTHWIN TOYS CO., LTD., and YIBENLUN BIRTHDAY PARTY STORE,

*Defendants*

**CIVIL ACTION No. 21-cv-10315 (LGS)**

**~~[PROPOSED]~~ FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER**

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiffs** | Moonbug Entertainment Limited (“Moonbug”) and El Bebe Productions Limited (“El Bebe”) | N/A |
| **Defendants** | All Night Revelry Store, Baby Too Store, BackdropInNitree Store, Beautiful Rave Party Store, Birthday candys Store, Brilliant Cheerful Life Store, Brilliant Party Store, Cola Store, Cozy Party Store, Fantasy Party Store, INNITREE Store, Junglet party Store, Mi 3 Store, Nantong Opera Imp.& Exp. Co., Ltd., NitreeBackdrop Store, obackdrop Store, PARTYGUYS Store, PHOTURT Backdrops Store, sensfun backdrop Store, Shenzhen Levin Plush Toys Co., Ltd., Shop3407008 Store, Supery Party Store, SUTAIBAI party background Store, Tobackdrop Store, Yangzhou Bothwin Toys Co., Ltd., and YiBenLun Birthday Party Store | N/A |
| **Defaulting Defendants** | All Night Revelry Store, Baby Too Store, BackdropInNitree Store, Beautiful Rave Party Store, Birthday candys Store, Brilliant Cheerful Life Store, Brilliant Party Store, Cola Store, Cozy Party Store, Fantasy Party Store, INNITREE Store, Junglet party Store, Mi 3 Store, Nantong Opera Imp.& Exp. Co., Ltd., obackdrop Store, PARTYGUYS Store, PHOTURT Backdrops Store, sensfun backdrop Store, Shenzhen Levin Plush Toys Co., Ltd., Shop3407008 Store, Supery Party Store, SUTAIBAI party background Store, Tobackdrop Store, Yangzhou Bothwin Toys Co., Ltd., and YiBenLun Birthday Party Store | N/A |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on December 1, 2021 | Dkt. 1 |

| | | |
|---|---|---|
| **Complaint** | Plaintiffs' Complaint filed on December 3, 2021 | Dkt. 8 |
| **Application** | Plaintiffs' *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on December 3, 2021 | Dkts. 12-13, 15 |
| **Ahton Dec.** | Declaration of Karine Ahton in Support of Plaintiffs' Application | Dkt. 13 |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiffs' Application | Dkt. 12 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on December 6, 2021 | Dkt. 6 |
| **PI Show Cause Hearing** | January 5, 2022 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | January 6, 2021 Preliminary Injunction Order | Dkt. 4 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Little Baby Bum Registrations** | U.S. Trademark Registration Nos. 5,099,550 for "LITTLE BABY BUM" for goods in Class 28; 5,456,149 for "LITTLE BABY BUM" for goods in Class 25; and | N/A |

| | | |
|---|---|---|
| | 5,258,552 for "LITTLE BABY BUM" for goods in Class 9 | |
| **Little Baby Bum Applications** | U.S. Trademark Serial Application Nos.: 87/026,879 for "LITTLE BABY BUM" for goods in Classes 5, 10, 21, 29, 30; and 32; 86/931,065 for " " for goods in Classes 9, 16, 28, and 41; 86/957,158 for "LITTLE BABY BUM" for goods in Class 24; and 86/931,026 for " " for goods in Class 25 | N/A |
| **Little Baby Bum Marks** | The marks covered by the Little Baby Bum Registrations and Little Baby Bum Applications | N/A |
| **Little Baby Bum Products** | Products bearing or used in connection with the Little Baby Bum Marks, and/or products in packaging and/or containing labels and/or hang tags bearing the Little Baby Bum Marks, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Little Baby Bum Marks and/or products that are identical or confusingly or substantially similar to the Little Baby Bum Products | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Little Baby Bum Marks, and/or products in packaging and/or containing labels and/or hang tags bearing the Little Baby Bum Marks, and/or bearing or used in connection with marks and/or artwork that are confusingly similar to the Little Baby Bum Marks and/or products that are identical or confusingly similar to the Little Baby Bum Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |

| | | |
|---|---|---|
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Defendants' Frozen Accounts** | Defendants' Financial Accounts that were and/or are attached and frozen or restrained by the Financial Institutions pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this action | N/A |
| **Plaintiffs' Motion for Default Judgment** | Plaintiffs' Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on April 29, 2022 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiffs' Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiffs for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiffs' Little Baby Bum Marks without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiffs' Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defaulting Defendants' Liability

~~1) Judgment is granted in favor of Plaintiffs on all claims properly pled against Defaulting Defendants in the Complaint;~~

The Complaint asserts trademark infringement, counterfeiting and unfair competition claims under the Lanham Act and unfair competition claims under New York common law. The Complaint sufficiently pleads these claims to establish liability as a matter of law. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("[A] district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law."). The Complaint adequately alleges that Defendants manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold their Counterfeit Products -- which are identical or confusingly similar to Plaintiffs' products -- without Plaintiffs' authorization or consent. *See Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 84-85 (2d Cir. 2020) (applying Polaroid factors).

## II. Damages Awards

1) ~~IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiffs have sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiffs are awarded statutory damages in the amount of $50,000.00~~

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

~~("Defaulting Defendants' Individual Damages Award") against each of the twenty-five (25) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest, for a total of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00);~~ An order referring the case for a damages inquest will issue separately.

## III. Permanent Injunction

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendant, its respective officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Little Baby Bum Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Little Baby Bum Marks;

B. directly or indirectly infringing in any manner Plaintiffs' Little Baby Bum Marks;

C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Little Baby Bum Marks to identify any goods or services not authorized by Plaintiffs;

D. using Plaintiffs' Little Baby Bum Marks, or any other marks that are confusingly similar to the Little Baby Bum Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;

ii. Defaulting Defendants' Assets; and

iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

F. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiffs any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiffs' trademarks or other rights including, without limitation, the Little Baby Bum Marks, or bear any marks that are confusingly similar to the Little Baby Bum Marks pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

A. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts; and

B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(C)(1) above.

**IV. <u>Dissolution of Rule 62(a) Stay</u>**

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiffs' judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

**V. <u>Miscellaneous Relief</u>**

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiffs' counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Fifteen Thousand U.S. Dollar ($15,000.00) security bond that Plaintiffs submitted in connection with this action to counsel for Plaintiffs, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

Dated: June 2, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE